IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| JANELL RENE BUTLER | ) Civil No.: 3:17-cv-00498-JE |
| Plaintiff, | ) FINDINGS AND |
| | ) RECOMMENDATION AND ORDER |
| v. | ) |
| NEUBERGER & BERMAN MANAGEMENT, LLC, | ) |
| Defendant. | ) |

Janell Rene Butler
P.O. Box 151
Cornelius, OR 97113

    Plaintiff *pro se*

JELDERKS, Magistrate Judge:

    Pro se Plaintiff Janell Butler brings this action against Defendant Neuberger & Berman Management, LLC. Plaintiff's Complaint comprises a court-provided Complaint form, an attached hand-written letter purportedly stating Plaintiff's claims, and three attached pages that appear to be tax and account statements. Plaintiff has applied to proceed *in forma pauperis*.

    Plaintiff's application to proceed *in forma pauperis* is granted. However, for the reasons set forth below, Plaintiff's Complaint should be dismissed, without service of process.

FINDINGS AND RECOMMENDATION AND ORDER – 1

**Discussion**

Under 28 USC § 1915(e)(2)(B), a complaint filed *in forma pauperis* must be dismissed before service of process if it is frivolous, fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief.

In order to state a viable claim, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); see also, Ashcroft v. Iqbal, 556 U.S. 662 (2009)(specifically applying Twombly analysis beyond the context of the Sherman Act). This means the complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (internal quotation and citation omitted). The complaint must contain "well-pleaded facts" which "permit the court to infer more than the mere possibility of misconduct." Id. The court must liberally construe a pro se plaintiff's complaint and permit amendment unless the deficiencies in the complaint cannot be cured by amendment. Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623-624 (9th Cir. 1988).

Plaintiff previously filed a Complaint in this court against Defendant Newberger & Berman and other defendants containing almost identical allegations . *See Butler v. Marx,et al.,* 3:16-cv-02402-MO. The Honorable Judge Michael Mosman dismissed Plaintiff's Complaint but granted her leave to amend. (3:16-cv-02402-MO; Dkt. #5). On March 1, 2017, Plaintiff submitted an Amended Complaint. On March 6, 2017, Judge Mosman dismissed the case without prejudice because the Amended Complaint failed to state a claim upon which relief may be granted. (3:16-cv-02402-MO; Dkt. #11,12). Plaintiff filed the instant case on March 28, 2017.

Plaintiff states that she is filing this current action as a class action because "there is (sic) probably many more victims as they are a huge investment company." Compl. at 6. Plaintiff's

Complaint also alleges that this court has jurisdiction based on diversity of citizenship. Regardless of how liberally Plaintiff's Complaint is construed, it fails to state a claim upon which relief can be granted. The Complaint fails to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); see also Conley v. Gibson, 355 U.S. 41, 47 (1957) (complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests").

Plaintiff describes what appears to be a disagreement with Defendant regarding several investment accounts. Plaintiff references several pieces of "evidence," including letters from Defendant and a claim she has filed with the "SCC." However, other than the three account statements noted above, there are no other documents attached to the Complaint or appearing in the court file. After a careful review of the Complaint, I am unable to discern from Plaintiff's narrative any facts sufficient to state a cause of action that is plausible on its face or any clear or coherent claim upon which relief could be granted. Furthermore, Plaintiff fails to request any specific relief and instead states that she must "leave it in the court's hands to make a fair judgment . . . ."

For the reasons stated above, Plaintiff's Complaint should be dismissed. Although it appears doubtful that the defects in Plaintiff's Complaint can be cured by amendment, dismissal should be without prejudice.

## **Conclusion**

Plaintiff's application to proceed *in forma pauperis* (# 1) is GRANTED. The Complaint should be DISMISSED without service of process. Plaintiff should be given leave to file, within thirty days of the date of the Order, an amended complaint if she feels that the deficiencies noted above can be cured.

## Scheduling Order

This Findings and Recommendation will be referred to a district judge. Objections, if any, are due April 26, 2017. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 12th day of April, 2017.

                                                   /s/ John Jelderks
                                                   John Jelderks
                                                   U.S. Magistrate Judge